UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK,
by LETITIA JAMES, Attorney General of the
State of New York

                         Plaintiff,

        -against-                                     25-cv-3608 (LAK)

NATIONAL GENERAL HOLDINGS CORP., et al.,

                        Defendants.
------------------------------------------x

## MEMORANDUM OPINION

Appearances:

> Laura Mumm
> Alexandra Hiatt
> David Rutenberg
> LETITIA JAMES
> NEW YORK STATE ATTORNEY GENERAL
> *Attorneys for Plaintiff*
>
> Adam Lurie
> Richard Smith
> Muhammad U. Faridi
> Jarrett Field
> Elizabeth Raulston
> LINKLATERS LLP
> *Attorney for Defendants*

LEWIS A. KAPLAN, *District Judge.*

        This action arises out of data breaches in 2020 and 2021 that exposed defendants' customer information. The Attorney General of New York State (the "State") brought this action

in New York State Supreme Court, alleging that defendants violated various state laws related to data protection programs and notification to affected individuals. The complaint does not assert any cause of action under federal law. It does, however, allege that defendants violated three federal statutes:[1] the Gramm-Leach-Bliley Act (GLBA),[2] the Health Insurance Portability and Accountability Act (HIPAA),[3] and the Health Information Technology for Economic and Clinical Health Act (HITECH).[4]

Defendants removed the action pursuant to Sections 1331 and 1441 of the Judicial Code.[5] The notice of removal states that Court has federal question jurisdiction because some of the state law causes of action (1) are "predicated upon alleged violations of," and thus are created by, federal law, and (2) necessarily state federal issues because they "have as essential elements that [d]efendants violated federal law."[6] The State subsequently moved to remand the case and for attorney's fees incurred as a result of the removal.[7]

In a thorough report and recommendation ("R&R"),[8] Magistrate Judge Robert

---

[1] Dkt 1-1 at ¶¶ 160, 172.

[2] 15 U.S.C. § 6801 *et seq.*

[3] 42 U.S.C. § 1320d *et seq.*

[4] 42 U.S.C. § 17931 *et seq.*

[5] 28 U.S.C. §§ 1331, 1441.

[6] Dkt 1 at 3–5.

[7] Dkt 37.

[8] Dkt 55.

3

Lehrburger concluded that the Court lacks federal subject matter jurisdiction because the causes of action in this litigation (1) are not created by federal law, and (2) do not satisfy the standard set forth in *Gunn v. Minton*[9] and *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*[10] (the "*Gunn-Grable* test"). Accordingly, the R&R recommended that the Court remand the case but did not recommend an award of attorney's fees.[11]

Defendants first object that the State's claims satisfy the *Gunn-Grable* test. Under that doctrine, federal question jurisdiction exists only where a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."[12] The R&R concluded that the third element — whether the claims raise a "substantial" federal issue — is not met here. It did not address conclusively whether the claims "necessarily raise[]" a federal question[13] or satisfy the other two elements.

As set forth in the R&R:

> "'An issue tends to be substantial if it is a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous similar cases.' Defendants claim substantiality by referencing the substantial federal interests in data privacy and national security. They further argue that because the GLBA (compliance with which prevents liability under the New York laws) provides that State insurance authorities are the state government actors empowered to enforce it,

---

[9] 568 U.S. 251 (2013).

[10] 545 U.S. 308 (2005).

[11] The State did not object to the R&R's recommendation with respect to attorney's fees.

[12] *Gunn*, 568 U.S. at 258.

[13] Dkt 79 at 11–12.

this case raises the question of whether a state attorney general qualifies as such an authority. This, Defendants argue, is exactly the kind of federal question that is substantial to the federal system as a whole."[14]

The R&R correctly rejected defendants' arguments. First, whether the New York State Attorney General has authority to enforce the federal GLBA is "entirely inapt" because the Complaint does not bring any GLBA claims.[15] Second, the federal government's interest in data security and privacy is not enough to satisfy the *Grable-Gunn* test.[16] And third, the federal law questions implicated by the state law claims — whether defendants' data protection programs and data breach notification procedures complied with federal law and that defendants therefore are insulated from liability under state law — are inherently fact-intensive and therefore likely would not provide guidance in future cases.[17]

Defendants argue that whether the GLBA preempts the Attorney General from bringing the state law claims is a substantial federal question. Even if this question were substantial, however, it would not satisfy the *Gunn-Grable* test because it is not "necessarily raised." Indeed, defendants argued before the Magistrate Judge and now again argue in objection to the R&R that

---

14
    *Id.* at 12 (cleaned up) (quoting *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 145 (2d Cir. 2021)).

15
    *Id.*

16
    *Id.* at 13 (citing *CWCapital Cobalt VR Ltd. v. CWCapital Investments LLC*, No. 17-CV-9463, 2018 WL 2731270, at *5 (S.D.N.Y. May 23, 2018); *Dovid v. United States Department of Agriculture*, No. 11-CV-2746, 2013 WL 775408, at *12 (S.D.N.Y. March 1, 2013), aff'd, 557 F. App'x 87 (2d Cir. 2014); *In re Reserve Fund Securities & Derivative Litigation*, No. 09-CV-782, 2009 WL 3634085, at *7 (S.D.N.Y. Nov. 3, 2009).

17
    *Id.* at 13–14.

5

other questions are "necessarily raised" by the State's claims.[18] But they do not now assert that the preemption question relating to the Attorney General's ability to sue under the federal statutes is "necessarily raised." Rather, defendants' argument is that the GLBA preempts the Attorney General from bringing state law claims predicated on conduct violative of the GLBA.

"[P]reemption is an affirmative defense,"[19] and "it is now settled law that a case may not be removed to federal court on the basis of a federal defense."[20] In *Tantaros v. Fox News Network, LLC*,[21] the Second Circuit recognized that the question of preemption may "necessarily arise" where that issue is "embed[ded] . . . into the operative provision" of the statute at issue.[22] For example, the court ruled that the question of preemption applied to a statute prohibiting certain contractual provisions "[e]xcept where inconsistent with federal law."[23] The state statutes at issue here, however, provide that the attorney general "may bring an action in the name and on behalf of the people of the state of New York" without any limitation.[24] The issue of preemption of the attorney general's enforcement authority therefore is not "embed[ded] . . . into the operative

---

[18] Dkt 47 at 12–13; Dkt 64 at 5–9.

[19] *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 300 (2d Cir. 2022); *Glover v. Bausch & Lomb Inc.*, 6 F.4th 229, 236 n.3 (2d Cir. 2021) (same).

[20] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *see also City of New York v. Exxon Mobil Corp.*, 733 F. Supp.3d 296, 314 (S.D.N.Y. 2024) ("The fact that Defendants may have a [federal] defense . . . is not adequate to establish the *Grable* exception").

[21] 12 F.4th 135 (2d Cir. 2021).

[22] *Id.* at 143.

[23] *Id.* (quoting N.Y. C.P.L.R. § 7515).

[24] *See* N.Y. G.B.L. §§ 899-aa, 899-bb.

6

provision" of the statutes.[25]  Accordingly, the question of preemption does not satisfy the *Gunn-Grable* test because it is an affirmative defense and not necessarily raised by the State's claims.

Defendants argue also that other federal questions — whether defendants' data protection programs and data breach notification procedures complied with federal law and therefore are insulated from liability under state law — satisfy the *Gunn-Grable* test.  They contend that "even if the Court decides that the federal issues here are fact-intensive and not purely legal, it can still find the federal interest is substantial," citing a single district court decision.[26]

This thin argument fails to address the R&R's well-reasoned analysis and conclusions — that "the federal government has some degree of interest in almost any area in which it has promulgated a law,"[27] that the State's inherently "fact-bound and situation-specific" claims do not implicate a substantial federal question,[28] and that resolution of the federal issues "will provide little guidance in future cases."[29]  Accordingly, the question of defendants' compliance with federal law does not involve a substantial federal issue.

Finally, defendants, setting aside the *Gunn-Grable* test, object that federal question jurisdiction exists because the state law causes of action are "created by federal law."[30]  This

---

[25] *Id.* at 143.

[26] Dkt 64 at 14.

[27] Dkt 55 at 13.

[28] *Id.* (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006)).

[29] *Id.* at 14 (quoting *New York ex rel. James v. Sirius XM Radio Inc.*, 735 F. Supp.3d 272, 278 (S.D.N.Y. 2024)).

[30] Dkt 64 at 15–17.

7

argument is without merit.

The State's "complaint [does] not 'affirmatively' allege any 'cause of action created by federal law.' . . .  As a result [defendants] can establish federal-question jurisdiction only by demonstrating that [the State's] suit falls within an exception to the well-pleaded complaint rule."[31] There are "exactly 'three situations exist in which a complaint that does not allege a federal cause of action may nonetheless arise under federal law for purposes of subject-matter jurisdiction.'  They are: (1) 'if Congress expressly provides, by statute, for removal of state-law claims' (2) 'if the state-law claims are completely preempted by federal law' and (3) 'in certain cases if the vindication of a state-law right necessarily turns on a question of federal law.'"[32]  These exceptions are exhaustive — there are no others.[33]

Here, defendants do not argue that either of the first two exceptions apply.  And the third exception requires the claim to pass the *Gunn-Grable* test.  That exception is not satisfied here for the reasons set forth above.

Defendants rely on *D'Alessio v. New York Stock Exchange, Inc.*,[34] in which the Second Circuit held that federal question jurisdiction existed where the plaintiff's claims were "cast

---

[31] *State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 133 (2d Cir. 2023) (quoting *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 315 (2d Cir. 2016)).

[32] *Id.* at 132–33 (cleaned up) (quoting *Fracasse v. People's United Bank*, 747 F.3d 141, 144 (2d Cir. 2014)).

[33] *Id.* at 133.

[34] 258 F.3d 93 (2d Cir. 2001).

8

as state law claims" but were premised on the defendants' compliance with federal law.[35] *D'Alessio* predated the decisions in *Gunn* and *Grable*, which set forth the operative standard. At most, *D'Alessio* informs whether a federal issue is "necessarily raised" — a necessary, but not sufficient, condition for the existence of federal question jurisdiction under *Gunn-Grable*. But *D'Alessio* does not establish a basis for subject matter jurisdiction independent of the *Gunn-Grable* test.

Defendants rely also on *NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*,[36] in which the Second Circuit recognized that the "artful-pleading doctrine . . . prevents a plaintiff from avoiding federal jurisdiction by framing in terms of state law a complaint the real nature of which is federal, or by omitting to plead necessary federal questions in a complaint."[37] But the Second Circuit has made clear that "*NASDAQ OMX* affirmatively supports the proposition that the outer boundaries of the artful-pleading doctrine lie *within* — not *beyond* — those of the three . . . exceptions [outlined above]."[38] "The 'artful-pleading doctrine' is simply a label for the first two of the three exceptions to the well-pleaded complaint rule . . . ."[39]

Accordingly, there is no federal question jurisdiction here because none of three exceptions to the well-pleaded complaint rule applies.

---

[35] *Id.* at 103.

[36] 770 F.3d 1010 (2d Cir. 2014).

[37] *Id.* at 1019.

[38] *State by Tong*, 83 F.4th at 134 (emphasis in original).

[39] *Id.* at 135.

9

## *Conclusion*

For the foregoing reasons, plaintiff's motion to remand and for attorneys' fees (Dkt 37) is granted to the extent that the case is remanded to the Court from which it was removed and denied all other respects.

SO ORDERED.

Dated:   October 28, 2025

_____
Lewis A. Kaplan
United States District Judge